IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH B. JUDKINS<br>Baker & McKenzie LLP<br>815 Connecticut Avenue, N.W.<br>Washington, D.C. 20006,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220,<br><br>      Defendant. | Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff, Joseph B. Judkins, brings this action against Defendant, the U.S. Department of the Treasury ("Defendant" or "Treasury"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4.  Plaintiff is an attorney with Baker & McKenzie LLP, admitted to practice in the District of Columbia (D.C. Bar No. 499737). His office is located at 815 Connecticut Avenue, N.W., Washington, D.C. 20006.

5. Defendant is an executive agency of the United States government and is headquartered at 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is subject to the requirements of the FOIA. Defendant has possession and control over the records that Plaintiff seeks under the FOIA.

6. Because Defendant is an agency of the United States of America, copies of the summons and complaint must also be mailed to the United States of America: c/o The Honorable William P. Barr, Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

## STATUTORY FRAMEWORK

7. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

8. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

9. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination and reasons therefore and of the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. § 552(a)(6)(A)(i).

10. In "unusual circumstances," the twenty (20) working day time limit "may be extended by [a] written notice" that sets forth the date a determination is expected to be sent. 5

U.S.C. § 552(a)(6)(B)(i). Generally, such notice may not provide for an extension of more than ten (10) working days. *Id.*

11.     The agency must notify the requester if the request cannot be processed within such extended period of time and must provide the requester (i) the opportunity to limit the scope of the request so it can be processed within such time or (ii) the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

12.     If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

13.     If the agency can show "exceptional circumstances" and "that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i). A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist. 5 U.S.C. § 552(a)(6)(B)(ii).

14.     This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**PLAINTIFF'S FOIA REQUESTS**

15.     Plaintiff seeks the production of documents and records improperly withheld by Defendant in response to the properly made FOIA request dated May 28, 2020 ("FOIA Request"), (Exhibit ("Ex.") A to the Declaration of Joseph B. Judkins, dated August 25, 2020 ("Judkins Declaration"), attached hereto as Attachment A).

16. In the FOIA Request, Plaintiff specifically requested:

1. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the proposed regulations under I.R.C. § 965, published in the Federal Register at 83 Fed. Reg. 39514 (August 9, 2018), including, but not limited to all pre-publication documents and briefing materials.

2. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the proposed regulations under I.R.C. § 965, published in the Federal Register at 83 Fed. Reg. 39514 (August 9, 2018), including, but not limited to, all pre-publication documents and briefing materials.

3. All documents prepared by and/or distributed within Treasury regarding the proposed regulations under I.R.C. § 965, published in the Federal Register at 83 Fed. Reg. 39514 (August 9, 2018), including, but not limited to, pre-publication documents and weekly memoranda regarding the status of the guidance item.

4. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the proposed regulations under I.R.C. § 965, published in the Federal Register at 83 Fed. Reg. 39514 (August 9, 2018).

5. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the final regulations under I.R.C. § 965, contained in Treasury Decision 9846 that were originally published in the Federal Register at 84 Fed. Reg. 1838 (February 5, 2019), including, but not limited to, all pre-publication documents and briefing materials.

6. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the final regulations under I.R.C. § 965, contained in Treasury Decision 9846 that were originally published in the Federal Register at 84 Fed. Reg. 1838 (February 5, 2019), including, but not limited to, all pre-publication documents and briefing materials.

7. All documents prepared by and/or distributed within Treasury regarding the final regulations under I.R.C. § 965, contained in Treasury Decision 9846 that were originally published in the Federal Register at 84 Fed. Reg. 1838 (February 5, 2019), including, but not limited to, pre-publication documents and weekly memoranda regarding the status of the guidance item.

8. All documents prepared by and/or provided to Treasury 's Office of Tax Policy regarding the final regulations under I.R.C. §

4

965, contained in Treasury Decision 9846 that were originally published in the Federal Register at 84 Fed. Reg. 1838 (February 5, 2019), including, but not limited to, all pre-publication documents and briefing materials.

9. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the public hearing on the proposed regulations under I.R.C. § 965 that was held on October 22, 2018, notice of which was published in the Federal Register at 83 Fed. Reg. 51906 (October 15, 2018), including, but not limited to, all pre-publication documents and briefing materials.

10. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the public hearing on the proposed regulations under I.R.C. § 965 that was held on October 22, 2018, notice of which was published in the Federal Register at 83 Fed. Reg. 51906 (October 15, 2018), including, but not limited to. all pre-publication documents and briefing materials.

11. All documents prepared by and/or distributed within Treasury regarding the public hearing on the proposed regulations under I.R.C. § 965 that was held on October 22. 2018, notice of which was published in the Federal Register at 83 Fed. Reg. 51906 (October 15, 2018), including, but not limited to, pre-publication documents and memoranda.

12. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the public hearing on the proposed regulations under I.R.C. § 965 that was held on October 22, 2018, notice of which was published in the Federal Register at 83 Fed. Reg. 51906 (October 15, 2018).

17. On June 2, 2020, Cawana Pearson, FOIA Case Manager, replied to the FOIA Request with an acknowledgement of receipt ("Treasury Response") (Judkins Declaration, Ex. B). The Treasury Response requested an additional ten (10) working days to respond to the FOIA Request. *Id.*

18. Cawana Pearson stated in a separate call with Plaintiff on June 4, 2020, that Defendant received the FOIA Request on May 29, 2020. Thus, Defendant had until July 13, 2020, to respond to the FOIA Request (*i.e.*, 30 working days after Defendant's receipt of the FOIA Request).

19. On July 14, 2020, Treasury provided an interim response to Plaintiff's FOIA

Request ("Interim Response") (Judkins Declaration, Ex. C). The Interim Response described a "partial search" to Request 1 of the FOIA request and is completely silent with respect to Requests 2 through 12 of the FOIA Request. *Id.*

20. In response to Request 1, the Interim Response included 495 responsive pages. Of the 495 pages, Treasury fully withheld 243 pages and partially withheld 1 page on the basis of 5 U.S.C. § 552(b)(2). Of the 251 pages fully released, 248 pages represent the Notice of Proposed Rulemaking and the Proposed Regulations, which are publicly available at 83 Fed. Reg. 39514. The remaining 3 pages relate to the transmittal of the Notice of Proposed Rulemaking to various parties.

21. In the Interim Response, Treasury stated the response is "sufficient" to satisfy Request 1. *Id.* The Interim Response requested a reply within 30 days to confirm Plaintiff's interest in pursuing the FOIA Request. *Id.* The Interim Response further noted that Treasury's response constituted an adverse action and provided Plaintiff with the right to appeal the determination within 90 days. *Id.*

22. On July 16, 2020, Plaintiff replied to the Interim Response ("Judkins Reply") in a letter to communicate that the Interim Response is not sufficient with respect to Request 1 and to confirm Plaintiff's interest in pursuing the FOIA Request (Judkins Declaration, Ex. D). The Judkins Reply also noted that the Interim Response was silent with respect to Requests 2 through 12 and requested a response from Treasury regarding Requests 2 through 12.

23. Since receiving the Interim Response, Plaintiff has monitored the progress of the FOIA Request and has communicated with the agency to follow up on the status of the FOIA Request.

24. Despite these efforts, Defendant has not produced any responsive documents with regards to Requests 2 through 12 as of the date of this Complaint.

25. Because Defendant failed to comply with the FOIA time limit provisions to provide documents and records to Plaintiff in response to Requests 2 through 12, Plaintiff has exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i). Plaintiff brings this complaint with regards to Requests 2 through 12. Plaintiff intends to separately administratively appeal Treasury's insufficient response to Request 1.

26. Plaintiff is entitled to reasonable attorneys' fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION
### (Production Under the FOIA)

27. Plaintiff reasserts and incorporates by reference paragraphs 1-26.

28. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

29. Plaintiff is entitled under the FOIA to access the requested records.

30. Defendant has failed to comply with statutory deadlines imposed by the FOIA.

31. Defendant wrongfully withheld the requested records in violation of the FOIA.

32. Plaintiff exhausted his administrative remedies with regard to the wrongfully withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a.  declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b.  enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c.  award Plaintiff his costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d.  grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/ George M. Clarke III
George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 835-6184
Fax: (202) 416-7184


Dated: August 25, 2020